**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

DENNIS O'CONNOR,
and all those similarly situated,   Case No.: 21-cv- 12837
    Plaintiffs,   Honorable _____

v.

**COMPLAINT**
**JURY DEMANDED**

STATE OF MICHIGAN,
RACHAEL EUBANKS, in her personal capacity,   **\*\* CLASS ACTION\*\***
and TERRY STANTON, in his personal capacity
    Defendants
                                  /

OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
Counsel for Plaintiff and Proposed Class
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

___

**CLASS ACTION COMPLAINT**

    NOW COMES Plaintiff DENNIS C. O'CONNOR, both individually and as class representative, by and through counsel, and pleads unto this Court as follows:

**PARTIES**

    1.    Plaintiff DENNIS C. O'CONNOR is named directly and as proposed class representative who is entitled to receive (and/or during the course of this case will demand and receive) but not will not receive just compensation payments as to his proposition share of earned interest from the State of Michigan as part of the Unclaimed Property Program (UPP).

    2.    Defendant STATE OF MICHIGAN is a named party as a state sovereign.

    3.    Defendant RACHAEL EUBANKS is administrator of the Unclaimed Property Program (UPP); she is sued in her personal capacity only.

    4.    Defendant TERRY STANTON is state administrative manager of the Unclaimed Property Program (UPP); he is sued in his personal capacity only.

1

## JURISDICTION

5. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking relief against Defendants for ongoing violations of the just compensation provisions of the Fifth Amendment of the United States Constitution.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions and 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases.

## GENERAL ALLEGATIONS

7. Any non-real property asset, tangible or intangible, belonging to a person that remains unactive for an arbitrary-selected period of time is considered under Michigan law to be "unclaimed property."

8. Unclaimed property consists of non-real estate assets such as checking and savings accounts, unpaid wages, securities, life insurance payouts, uncashed checks, unredeemed rebates, and the contents of safe deposit boxes that are without activity for a certain specified period of time.

9. After that period of time, a "holder" (usually a business or other type of organization in possession of property belonging to another) having "unclaimed property" is required to turn over such property assets to the State of Michigan's Unclaimed Property Program (UPP).

10. Defendant RACHAEL EUBANKS is the administrator of the UPP.

11. Defendant TERRY STANTON is state administrative manager of the UPP.

12. Once property is in the custody of Defendant STATE OF MICHIGAN, it is claimed that "aggressive outreach efforts" are undertaken to locate the former owners.

13. However, in reality, such efforts do not aggressively occur.

14. Instead, on information and belief, Defendant STATE OF MICHIGAN, its administrator, Defendant RACHAEL EUBANKS, and its state administrative manager, Defendant TERRY STANTON, deposits the monetized versions of these assets into an interest generating financial products to generate (or should have generated) substantial additional earnings in the form of interest.

15. On information and belief, Defendants generate (or should have generated) income (i.e. interest) on the held property assets belonging to Plaintiff and members of the Class.

16. However, the UPP has a fatal legal flaw—it annually seizes and takes the class members' interest equal to the "time value of money" without the payment of just compensation.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

17. The Takings provisions of the United States Constitution "protects the time value of money just as much as it does money itself. *Goldberg v Frerichs*, 912 F.3d 1009, 1010 (CA 7, 2019).

18. A government cannot take custody of property and retain income that the property earns.

19. However, the UPP operates exactly in that fashion of most of the "unclaimed" property Defendants hold and/or control.

20. Plaintiff and members of the Class are entitled to the earned interest income (or alternatively earned interest income less proportional custodial fees[1]) as to the Class's property held by the UPP.

21. Plaintiff DENNIS O'CONNOR has, on information and belief, two assets held by or administered by Defendants turned over by FMC Corporation and Michigan Millers Mutual Insurance Company valued as being between $100 and $250 and less than $100 respectively.

22. Pursuant to the UPP statute, Defendants have, each year while property is in the custody of UPP, seized and taken the interest income earned (or interest income earned less the proper proportional custodial expenses) on the property assets while held under the UPP.

23. Defendants refuse to pay and will not pay just compensation as required by the Fifth Amendment to the United States Constitution.

## CLASS ALLEGATIONS

24. This action is brought by Plaintiff DENNIS O'CONNOR individually and on behalf of all those similarly situated.

25. The proposed class consists of all persons or entities who have not, during the applicable statutory limitations period, been provided just compensation equal to the amount of the interest income earned (less any proper proportional custodial expenses) that been generated or should have been generated on their assets while in the custody of the Unclaimed Property Program.

26. The number of injured individuals who have been injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

27. There are clear questions fact raised by the named Plaintiff's claim common to, and typical of, those raised by the Class each seeks to represent.

---

[1] The annual cost to operate the UPP is currently unknown but will be learned through discovery.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

28. There are clear questions of law raised by the named Plaintiff's claims common to, and typical of, those raised by the Class each seeks to represent.

29. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class members.

30. Plaintiff, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

31. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

32. Defendants have acted, failed to act, and/or are continuing to act on grounds generally applicable to all members of the Class.

## COUNT I
## FIFTH AMENDMENT TAKING – DIRECT ACTION (*FIRST ENGLISH*)
## AGAINST STATE OF MICHIGAN

33. The previous allegations are re-alleged word for word herein.

34. Yearly earned income (i.e. interest), as described above, is a property right belonging to Plaintiff and members of the Class.

35. For each year during the applicable statutory period of limitations, Defendant State of Michigan has taken Plaintiff's and the class members' constitutionally-protected property in the form of monies equal to earned income (i.e. interest) on the held property assets, less proportional custodial expenses (if applicable), and have appropriated and/or will appropriate property without the payment of just compensation in violation of Fifth Amendment to the United States Constitution.

36. Defendants do not intend to pay or otherwise will immediately pay just compensation by or via any known procedures.

37. Each year, a taking pursuant to Fifth Amendment occurs when Defendants take, seize and use the interest generated to Plaintiff's and class members' assets while in the custody of the UPP.

38. Plaintiff and class members have suffered damages as a result.

39. Plaintiff expressly asserts that state sovereign immunity does not exist in favor of Defendant State of Michigan for claims for annual interest as sought directly under the Fifth Amendment to the United States Constitution. See *First English Evangelical Lutheran Church v. Los Angeles*, 482 U.S. 304, 315 (1987).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

40. To the extent that this Court believes it is bound to hold otherwise by *DLX, Inc v Kentucky*,[2] this claim is made to expressly preserve the issue for review by an en banc panel of the United States Court of Appeals for the Sixth Circuit and/or by the United States Supreme Court.

## COUNT II
## 42 U.S.C. § 1983 – FIFTH AMENDMENT
## AGAINST DEFENDANTS EUBANKS AND STANTON

41. The previous allegations are re-alleged word for word herein.

42. Defendant RACHAEL EUBANKS is a state actor when serving in her role as administrator of the UPP.

43. Defendant TERRY STANTON is a state actor when serving in his role as state administrative manager of the UPP.

44. It is clearly established federal law that the Takings Clause protects the time value of money just as much as it does money itself.

45. For each year during the applicable statutory period of limitations, Defendants RACHAEL EUBANKS and TERRY STANTON have violated the Fifth Amendment to the United States Constitution when, while administering the UPP, each refused and still refuses to provide (and has otherwise improper administered an unconstitutional statute which refuses to provide) just compensation equal to the annual income generated on the time value of money, less proportional custodial expenses (if applicable) while assets belonging to Plaintiff and members of the class are in the custody and control of the UPP.

46. By failing to provide just compensation under the Fifth Amendment, Defendants RACHAEL EUBANKS and TERRY STANTON have violated the Fifth Amendment and caused Plaintiff and members of the Class to be deprived of the right of just compensation as secured by the Fifth Amendment to the United States Constitution and is liable as to Plaintiffs and class members so injured.

47. Defendants do not intend to pay and otherwise will not pay just compensation by or via any known procedures.

48. Plaintiff and members of the Class have suffered damages as a result.

49. The actions and/or inactions of Defendants RACHAEL EUBANKS and TERRY STANTON was expressly designed to intentionally or wantonly cause harm to Plaintiffs and the members of the Class due to the utter disregard of the constitutionally protected rights of all members of the Class.

---

[2] 381 F.3d 511 (6th Cir. 2004)

**JURY DEMAND**

50. A jury is demanded for all triable issues.

**RELIEF REQUESTED**

51. WHEREFORE, Plaintiff and/or the Class Members respectfully request this Court to—

a. Enter an order certifying this case as a class action;

b. Award all forms of damages, directing under the Fifth Amendment, related to the failure of Defendant STATE OF MICHIGAN to provide just compensation for its violations of the Fifth Amendment to the United States Constitution;

c. Award all forms of damages, including (but not limited to) punitive damages, pursuant to 42 U.S.C. § 1983, related to the failure of Defendants RACHAEL EUBANKS and TERRY STANTON to provide just compensation for violations of the Fifth Amendment to the United States Constitution;

d. Award interest on said damages;

e. Award and/or determine reasonable attorney fees and litigation expenses pursuant to all applicable laws, rules, or statutes, including under Rule 23 and 42 U.S.C. § 1988; and

f. Enter an order for all such other relief the court deems proper, equitable and required, see e.g. FRCP 54(c).

Date: December 3, 2021

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Plaintiff and Proposed Class

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com