UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS O'CONNOR,

    Plaintiff,

v.

RACHAEL EUBANKS, TERRY STANTON,
and the STATE OF MICHIGAN,

    Defendants.

_____/

Case No. 21-12837
Honorable Nancy G. Edmunds
Magistrate Judge Patricia T. Morris

**ORDER OVERRULING OBJECTIONS, ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JUNE 30, 2022 REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' MOTION TO DISMISS [3, 9, 21, 22, 23]**

This putative class action concerns the Uniform Unclaimed Property Program ("UUPP") arising under the State of Michigan's Uniform Unclaimed Property Act (the "Act"), Mich. Comp. Laws §§ 567.221, *et seq*. The Act "provides a mechanism by which the state may hold certain unclaimed property in trust for the benefit of the rightful owner." *Flint Cold Storage v. Dep't. of Treasury*, 776 N.W.2d 387, 393 (Mich. Ct. App. 2009). Plaintiff Dennis O'Connor, on behalf of himself and the class he seeks to represent, filed an Amended Complaint for money damages against the State of Michigan and Defendants Rachael Eubanks (administrator of UUPP) and Terry Stanton (state administrative manager of UUPP) in their personal capacities. (ECF No. 5.) The Amended Complaint asserts that Defendants violated the Fifth and Fourteenth Amendments to the United States Constitution by not paying Plaintiff and putative class members interest accumulated on the value of the assets held in the UPPP, or alternatively, by operating the UUPP as a "Ponzi scheme." (*Id.* at PageID.57-58.)

On February 17, 2022, Defendants filed a motion to dismiss Plaintiff's Amended Complaint.[1] (ECF No. 9.) The Court referred that motion, along with Plaintiff's Motion for Order to Exclude Exhibits (ECF No. 14), to the Magistrate Judge. Before the Court is the Magistrate Judge's June 30, 2022 Report and Recommendation on Defendants' Motion to Dismiss (ECF No. 21), and Plaintiff's objections thereto (ECF No. 22). Defendants responded to Plaintiff's objections (ECF No. 25) and Plaintiff filed a reply to their response (ECF No. 27). Also before the Court is the Magistrate Judge's Order Denying Plaintiff's Motion to Exclude Defendants' Exhibits as Moot. (ECF No. 20.) Plaintiff objected to this Order pursuant to Fed. R. Civ. P. 72(a) (ECF No. 23), Defendant filed a response to the objection (ECF No. 24), and Plaintiff replied (ECF No. 26). For the reasons that follow, the Court ACCEPTS and ADOPTS the Magistrate Judge's June 30, 2022 Report and Recommendation and overrules each of Plaintiff's objections.

I.  **Factual Background**

The following facts are taken from the Amended Complaint, or the attachments thereto, and accepted as true for purposes of this motion:

Michigan's UUPP's main objective is to reunite owners or heirs with their lost or forgotten property. (ECF No. 5-2, PageID.83.) Examples of unclaimed property include uncashed payroll checks, inactive stocks, dividends, checking and savings accounts, and certain physical property (such as safety deposit boxes and tangible property). (*Id.*) Businesses and governmental agencies that have property that belongs to someone else,

---

[1] Defendants had previously filed a motion to dismiss Plaintiff's original complaint. (ECF No. 3.) The Magistrate Judge recommends denying this first motion as moot. (ECF No. 21, PageID.281.) Plaintiff does not object to this portion of the Report and Recommendation. (ECF No. 22, PageID.300.) Accordingly, Defendants' first motion (ECF No. 3) is DENIED as MOOT.

has been dormant for a specified period, and remains unclaimed, are required to turn the property over to the state program. (*Id.* at PageID.76, 83.) The State of Michigan never takes ownership of the property but serves as custodian for the owner or heir. (*Id.* PageID.83.)

Once the funds are reported and remitted as unclaimed property from holders, the money is transferred to the State's General Fund, but a separate trust fund is maintained from which the State pays claimants. (ECF No. 5-1, PageID.71.) *See also* Mich. Comp. Laws § 567.244(1). The trust fund account is non-interest bearing, (ECF No. 5-1, PageID.71), and per state law, claimants are only entitled to interest on assets that were interest bearing at the time they were turned over to the state. *See* Mich. Comp. Laws § 567.245(3) ("If the property claimed was interest bearing to the owner on the date of surrender by the holder, and if the date of surrender is on or after March 28, 1996, the administrator . . . shall pay interest at a rate of 6% a year . . .").

Plaintiff owns two assets that are currently being held in the UUPP[2] after they were turned over from FMC Corporation and Michigan Millers Mutual Insurance Company. (ECF No. 5, PageID.57.) These assets are valued at between $100 and $250, and less than $100, respectively. (*Id.*) The Amended Complaint is silent as to whether or not these funds were collecting interest before they were turned over to the UUPP, but Plaintiff states that interest generated by this property while it was in the custody of the UUPP was "seized and taken for public use without notice." (*Id.*) In the alternative, he alleges that the principal on his property was taken for "public use without notice" and that under

---

[2] According to Defendants, Plaintiff has collected the money belonging to him from the UUPP since the filing of the Amended Complaint. (ECF No. 18, PageID.261.)

the State's "Ponzi scheme," more recently received unclaimed property is being used to reimburse individuals seeking to claim the property. (*Id.* at PageID.57-58.) He asks that "his money—both principal and interest [be] returned to him." (*Id.* at PageID.58) (underscore in the Amended Complaint).

Plaintiff proposes two possible classes: (1) the individuals or entities entitled to interest on the unclaimed funds; and (2) individuals or entities "who have had their property assets seized and spent" while the funds were in the custody of the UUPP. (*Id.*) He claims Defendants violated the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. (*Id.* at PageID.59-67.) Plaintiff requests money damages on behalf of himself and the prospective classes. (*Id.* at PageID.68.)

## II. Standard of Review

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id. See also* Fed. R. Civ. P. 72(b)(3).

The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted).

4

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

In addition, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

### III.     Defendants' Motion to Dismiss

Plaintiff first challenges the Magistrate Judge's Report and Recommendation on Defendants' motion to dismiss. (ECF No. 22.) Defendants moved to dismiss Plaintiff's Amended Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. (ECF No. 9.)

A Rule 12(b)(1) motion to dismiss based upon subject matter jurisdiction can be brought either as a facial or a factual attack. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). An assertion of Eleventh Amendment sovereign immunity, as has been made by Defendants here, constitutes a facial attack. *See Sims v. University of Cincinnati,* 46 F.Supp.2d 736, 737 (S.D. Ohio 1999). Thus, the Court must accept the allegations in the complaint as true. *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. The State of Michigan, as the entity asserting sovereign immunity, has the burden of establishing the

5

applicability of the doctrine in this case. *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. As with a facial attack on subject matter jurisdiction, when presented with a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). A plaintiff's complaint will be dismissed under this Rule if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A. **Magistrate Judge's Recommendation**

The Magistrate Judge recommends that the Court grant Defendants' motion to dismiss the Amended Complaint. (ECF No. 21, PageID.281.)

In her report, the Magistrate Judge concludes that this Court does not have jurisdiction over Plaintiff's claims against the State of Michigan. (*Id.* at PageID.287.) She further notes that Plaintiff does not dispute that binding precedent requires this outcome. (*Id.* at PageID.286) (citing ECF 13, PageID.212; U.S. Const. amend. XI.; *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020)). In addition, the Magistrate Judge concludes that Defendants Eubanks and Stanton are entitled to qualified immunity because their (1) actions were mandated by

Michigan statute and were therefore non-discretionary; and (2) because it is not clearly established that claimants are entitled to interest on unclaimed property under either the Due Process Clause or the Takings Clause of the Constitution (*Id.* at PageID.292.)

    **B.**    **Plaintiff's Objections**

Plaintiff filed two timely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 22.) First, Plaintiff objects to the Magistrate Judge's recommendation to dismiss the claims against the State of Michigan for lack of subject matter jurisdiction, though he notes he only makes this objection to preserve his appellate rights. (*Id.* at PageID.309-10.) Second, Plaintiff objects to the Magistrate Judge's conclusion that Defendants Eubanks and Stanton are entitled to qualified immunity. (*Id.* at PageID.311.)

    **C.**    **Analysis**

Plaintiff's objections are overruled. At the outset, the Court notes that Plaintiff's objections are duplicative of the arguments made in his response and the Court is not obligated to reassess these identical arguments. *See, e.g.*, *Owens v. Comm'r of Soc. Sec.*, No 1:12-47, 2013 U.S. Dist. LEXIS 44411, 2013 WL 1304470 (W.D. Mich. Mar. 28, 2013) ("Plaintiff's objections are merely recitations of the identical arguments that were before the magistrate judge. This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations."); *Davis v. Caruso*, No. 07-10115, 2008 U.S. Dist. LEXIS 13713, at *5, 2008 WL 540818 (E.D. Mich. Feb. 25, 2008) (denying an objection to a report and recommendation where Plaintiff "merely rehash[ed] his arguments" made before the Magistrate Judge).

Despite this lack of obligation, the Court has reviewed the record and relevant law *de novo* and it finds that none of Plaintiff's objections have merit. The Court agrees with the Magistrate Judge's analysis on the issues of both sovereign and qualified immunity.

Regarding sovereign immunity, the Court agrees with the Magistrate Judge's conclusion that "[i]t is well settled that 'the States' sovereign immunity protects them from takings claims for damages in federal court' " and that no exception applies to Plaintiff's claims. (ECF No. 21, PageID.286) (citing *Ladd*, 971 F.3d at 578). In addition, the Sixth Circuit instructs that sovereign immunity precludes consideration of due process claims against the state. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500 (6th Cir. 2008).

This Court also agrees with the Magistrate Judge's conclusion that the individual Defendants are entitled to qualified immunity from suit. (ECF No. 21, PageID.292.) "As a general rule, a law enforcement official is entitled to qualified immunity for non-discretionary acts performed in conformity with state law or policy." *Kutschbach v. Davies*, 885 F. Supp. 1079, 1094 (S.D. Ohio 1995) (citing *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985)). Here, there is no dispute that the individual Defendants' actions related to the UUPP and Plaintiff's claims were in accordance with the Act.

Plaintiff cites *Villarreal v. City of Laredo, Texas*, 44 F.4th ----, 2022 WL 3334699, at *5 (5th Cir. 2022),[3] for the proposition that the Act is "so obviously unconstitutional" that state officials should be "require[d] . . . the second-guess the legislature and refuse to enforce" it, but the Act is not one of those "obviously unconstitutional" statutes. *See*

---

[3] Plaintiff's citation is actually to the 2021 opinion in *Villarreal v. City of Laredo, Texas*, 17 F.4th 532, 541 (5th Cir. 2021), but that opinion was withdrawn and superseded by a subsequent opinion in 2022. Nevertheless, the portion of the opinion cited by Plaintiff is the same in both the 2021 opinion and 2022 opinion.

*Lawrence v. Reed*, 406 F.3d 1224, 1233 (10th Cir. 2005) (describing a vehicle ordinance as "obviously unconstitutional" because it authorized city employees to impound personal vehicles without any "form of pre- or post-deprivation hearing even a constitutionally inadequate one"). The Act provides interest earned by property which was interest-bearing when it was turned over to the state, but does not obligate the UUPP to pay interest to claimants on assets that were non-interest-bearing when the state took custody. *See* Mich. Comp. Laws § 567.245(3).

Furthermore, even if Plaintiff could show that his constitutional rights were violated, the individual Defendants are entitled to qualified immunity because Plaintiff has not shown that it is clearly established, either under the Taking Clause or the Due Process Clause, that he has the right to collect interest on funds that were non-interest-bearing when abandoned.

**IV.    Plaintiff's Motion to Exclude Defendants' Exhibits**

Plaintiff also objects to the Magistrate Judge's order denying as moot Plaintiff's Motion to Exclude Exhibits from Rule 12(b)(6) motion. (ECF No. 23.) Federal Rule of Civil Procedure 72(a) allows a party to serve and file objections to a magistrate judge's order on a non-dispositive motion.

Defendants attached four exhibits to their motion to dismiss the Amended Complaint: an affidavit by Defendant Stanton; a list of previously unclaimed properties by Plaintiff and notification that his claim for recovery of same had been processed; a state court opinion and order denying Plaintiff's request for interest on a non-interest-bearing, unclaimed account; and a state court notice of appeal of the same judgment. (ECF No. 9 at PageID.148-66.) Plaintiff argues these are not properly considered on a motion to

dismiss and that consideration of exhibits by the Court would necessarily convert Defendants' motion into one for summary judgment requiring the Court to give him "a reasonable opportunity to present all the material that is pertinent to the motion." (ECF No. 23, PageID.332) (citing Fed. R. Civ. P. 12(d)). As with his objections to the Magistrate Judge's Report and Recommendation, Plaintiff's objection to this order is almost a verbatim recitation of the original arguments made in his motion so the objection is invalid and the Court is not obligated to consider it. *See Howard*, 932 F.2d at 508.

The Sixth Circuit allows district courts deciding motions under Rule 12(b)(6) to review and consider materials outside the pleadings under limited circumstances. In addition to the pleadings identified by Fed. R. Civ. P. 7(a), the Court may consider documents attached to the pleadings, *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)), documents referenced in the pleadings that are "integral to the claims," *id.* at 335-36, documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), and matters of public record, *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010).

An in-depth analysis of Defendants' exhibits is not necessary here. Neither the Magistrate Judge nor this Court relied on Defendants' exhibits in ruling on Defendants' motion to dismiss. Accordingly, this Court agrees with the Magistrate Judge's disposition of the motion.

**V.     Conclusion**

For the above-stated reasons, Plaintiff's objections to the June 30, 2022 report and recommendation (ECF No. 22) and his objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Exclude Defendants' Exhibits as Moot (ECF No. 23) are **OVERRULED**. The Court declines to modify or set aside the Magistrate Judge's Order Denying Plaintiff's Motion to Exclude. (ECF No. 20.) In addition, the Court **ACCEPTS AND ADOPTS** the Magistrate Judge's June 30, 2022 Report and Recommendation on Defendants' Motion to Dismiss (ECF No. 9). Defendants' Motion to Dismiss the Amended Complaint (ECF No. 9) is **GRANTED** and their first motion to dismiss (ECF No. 3) is **DENIED AS MOOT**.

**SO ORDERED.**

                                              s/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated: September 2, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2022, by electronic and/or ordinary mail.

                                              s/Lisa Bartlett
                                              Case Manager