UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS O'CONNOR
*and all those similarly situated*,

No. 1:21-cv-12837-NGE-PTM

Plaintiffs,

HON. NANCY G. EDMUNDS

v.

MAG. PATRICIA T. MORRIS

RACHAEL EUBANKS, TERRY
STANTON, and STATE OF
MICHIGAN,

**DEFENDANTS' ANSWER TO
SECOND AMENDED
COMPLAINT WITH
AFFIRMATIVE DEFENSES
[ECF 40]**

Defendants.

_____

Outside Legal Counsel PLC
Philip L. Ellison (P74117)
Attorney for Plaintiff
P.O. Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

James A. Ziehmer (P75377)
Brian McLaughlin (P74958)
Attorneys for Defendants
Michigan Department of Attorney General
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
(517)335-7584
ZiehmerJ@michigan.gov
McLaughlinB2@michigan.gov

_____/

## DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES [ECF 40]

### PARTIES

1.     Plaintiff Dr. DENNIS C. O'CONNOR is named directly and

as proposed class representative.

**Answer**:  In answer to paragraph 1, Defendants neither admit nor deny the allegation for the reason that it lacks sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.


2.      Defendant STATE OF MICHIGAN is a named party as a

state sovereign.

**Answer:** In answer to paragraph 2, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.


3.      Defendant RACHAEL EUBANKS is administrator of the

Unclaimed Property Program (UPP); she is sued in her personal

capacity only.

**Answer:** In answer to paragraph 3, Defendants admit the allegation as true to the extent it alleges that Rachael Eubanks is the

administrator of the Michigan Department of Treasury's Unclaimed Property Program.  Defendants neither admit nor deny the remainder of the allegation for the reason that it lacks sufficient information to form a belief as to the truth of the matter asserted.  Plaintiff is left to his proofs.

4.     Defendant TERRY STANTON is state administrative manager of the Unclaimed Property Program (UPP); he is sued in his personal capacity only.

**Answer:**  In answer to paragraph 4, Defendants admit the allegation as true to the extent it alleges that Terry Stanton is the administrative manager of the Michigan Department of Treasury's Unclaimed Property Program.  Defendants neither admit nor deny the remainder of the allegation for the reason that it lacks sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

## JURISDICTION

5.     This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking relief against Defendants for past and ongoing violations the United States Constitution.

**Answer:** In answer to paragraph 5, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion.  Accordingly, no answer is required.

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331,

which authorizes federal courts to decide cases concerning federal

questions and 28 U.S.C. § 1343, which authorizes federal courts to hear

civil rights cases.

**Answer**:  In answer to paragraph 6, Defendants neither admit
nor deny the truth of the allegation for the reason that it calls for a
legal conclusion.  Accordingly, no answer is required.

## GENERAL ALLEGATIONS

7.     Any non-real property asset, tangible or intangible,

belonging to a person that remains inactive for an arbitrary-selected

period of time is considered under Michigan law to be "unclaimed

property."

**Answer**:  In answer to paragraph 7, Defendants neither admit
nor deny the truth of the allegation for the reason that it calls for a
legal conclusion.  Accordingly, no answer is required.  To the extent an
allegation is required, Defendants assert Plaintiff's allegation is a
misstatement of law.  Specifically, the law specifies dormancy periods
that are not arbitrarily selected by the Defendants.  Moreover, once
met, the properties are statutorily presumed abandoned.  Mich. Comp.
Laws § 567.223(1).

8.     Unclaimed property consists of non-real estate assets such

as checking and savings accounts, unpaid wages, securities, life

insurance payouts, uncashed checks, unredeemed rebates, and the contents of safe deposit boxes that are without activity for a certain specified period of time.

**Answer**:  In answer to paragraph 8, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion.  Accordingly, no answer is required.  To the extent an answer is required, Defendants admit the allegation as true.

9.     After that period of time, a "holder" (usually a business or other type of organization in possession of property belonging to another) having "unclaimed property" is required to turn over such property assets to Defendant STATE OF MICHIGAN's Unclaimed Property Program (UPP) within the Department of Treasury.

**Answer:**  In answer to paragraph 9, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.  In further answer, Defendants admit the allegation as true to the extent it is alleging that Michigan law requires holders to remit presumed abandoned property subject to Michigan's custody to the State of Michigan after the applicable dormancy periods have run.  Defendants neither admit nor deny the remainder of the allegation for the reason that it lacks sufficient information to form a belief as to the truth of the matter asserted.  Plaintiff is left to his proofs.

10.    Defendant RACHAEL EUBANKS is the administrator of the

UPP.

**Answer:**  In answer to paragraph 10, Defendants admit that Defendant Rachael Eubanks is the current administrator of Michigan's Unclaimed Property Act.  In further answer, the administrator is legally defined as the State Treasurer.

11. Defendant TERRY STANTON is state administrative manager

of the UPP.

**Answer:**  In answer to paragraph 11, Defendants admit that Defendant Terry Stanton is the current administrative manager of Michigan's Unclaimed Property Act.  In further answer, Defendants assert that Terry Stanton has not always been the state administrative manager.

12. Once property is turned over to the UPP, "the state assumes

custody and responsibility for the safekeeping of the property." MCL  567.241(1).

**Answer**:  In answer to paragraph 12, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion.  Accordingly, no answer is required.  To the extent an allegation is required, Defendants admit the allegation as true.

13. Government reports confirm that Defendant STATE OF

MICHIGAN "never takes ownership" of the unclaimed property but

5

merely "serves as a custodian for the owner or heir." Exhibit B. Such is consistent with the controlling operative law. MCL 567.241(1).

**Answer**: In answer to paragraph 13, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion regarding whether the State of Michigan takes ownership of abandoned property. Accordingly, no answer is required. To the extent an answer is required, Defendants assert that State of Michigan takes custody of abandoned property under the Unclaimed Property Act. By definition, abandoned property is ownerless.

14. The unclaimed property is never owned by the State but instead owned, at all times, by private citizens and entities throughout Michigan.

**Answer**: In answer to paragraph 14, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion. Specifically, whether the State of Michigan takes ownership. Accordingly, no answer is required. To the extent an answer is required, Defendants assert that the State of Michigan takes custody of abandoned property under the Unclaimed Property Act. By definition, abandoned property is ownerless.

15. Because Defendants "never takes ownership" of the Plaintiff's and class members' property, nothing actually escheats.

**Answer**: In answer to paragraph 15, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion. Specifically, whether the State of Michigan takes ownership. Accordingly, no answer is required. To the extent an

answer is required, Defendants deny the allegation for the reason that it is untrue.

16. Unclaimed property has been collected by Defendant STATE OF MICHIGAN and handled by its administrator, Defendant RACHAEL EUBANKS, and its state administrative manager, Defendant TERRY STANTON.

**Answer**: In answer to paragraph 16, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Accordingly, no answer is required. In further answer, Defendants admit the allegation as true.

17. When unclaimed property arrives into the custody and responsibility of Defendants, the monetized versions of these assets are deposited into bank accounts, which are, on information and belief, generating substantial additional earnings in the form of interest.

**Answer:** In answer to paragraph 17, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

18. Defendants are legally required to store these funds within one of two governmental budget accounts (which is different than what bank account the funds are deposited into).

**Answer:** In answer to paragraph 18, Defendants objects to the phrase "legally required" as Plaintiff fails to identify the source of the legal obligation.  In all other respects, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion. Accordingly, no answer is required.

a.    The first is a "trust fund" which must keep a balance of at least $100,000 to allow for the "prompt payment of claims allowed." This is commonly known in the Michigan budgeting process as the "Escheats Fund."

**Answer**: In answer to paragraph 18a, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion.  Accordingly, no answer is required.

b. The remaining (and extremely larger) balance is to be stored and held within the "General Fund" of the State of Michigan. See MCL 567.244(1).

**Answer:** In answer to paragraph 18b, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion.  Accordingly, no answer is required.

19. No matter how these monies are booked for accounting purposes in the Escheats Fund or the General Fund, these monies are

deposited into one or more bank account(s) at a financial institution which,on information and belief, is (or supposed to be) generating substantial additional earnings in the form of interest.

**Answer:**  In answer to paragraph 19, Defendants admit the allegation as true to the extent it alleges that monies are deposited into one or more bank accounts.  However, Defendants neither admit nor deny the remainder of the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted.  Plaintiff is left to his proofs.

20. The UPP has largely operated unnoticed and unregulated for years.

**Answer:**  In answer to paragraph 20, Defendants deny the allegation for the reason that it is untrue.

21. However, state officials have confirmed that the UPP is supposed to be holding approximately $1.9 billion in unclaimed property consisting of approximately 23 million properties.  See Exhibit A.

**Answer:**  In answer to paragraph 21, Defendants deny the allegation for the reason that it is untrue.  Michigan law does not require nor support the allegation as alleged.  Moreover, the cited affidavit does not support the allegation as alleged.

22. As part of the pre-suit and ongoing post-suit investigation into the UPP for this case, Defendant STATE OF MICHIGAN has (or alternatively is supposed to have) ≈$1.9 billion in unclaimed property its current "custody" and under the "responsibility" of the State of Michigan on behalf of approximately 23 million citizen-owners. See Exhibit A.

**Answer:** In answer to paragraph 22, Defendants neither admit nor deny the allegation for the reason that it lacks sufficient information to form a belief as to the truth of the matter asserted. Specifically, Defendants lack knowledge of the alleged pre-suit and ongoing post-suit investigations that are the subject of the allegation. Plaintiff is left to his proofs.

23. As such, between these two funds, Defendants should today be physically holding ≈$1.9 billion of privately-owned monies consisting of approximately twenty-three million unclaimed monetized pieces of property.

**Answer:**  In answer to paragraph 23, Defendants deny the allegation for the reason that it is untrue.  Michigan law does not support the allegation as alleged, and, abandoned property, by definition, is ownerless.

24. In the recent 2020 Budget, there is a section called "STATEMENT OF AVAILABLE OPERATING FUNDS" which listed a

line item under the "NON-TAX REVENUE" section called "Unclaimed Property Transfer" in an amount of $74 million for 2020. Exhibit C at C-8.

**Answer:** In answer to paragraph 24, Defendants answer that the contents of Exhibit C speak for itself.

25. There are also estimates for transfers of $77,200,000 for 2021; $82,500,000 for 2022, and $83,000,000 for 2023. Exhibit C at C-8.

**Answer:** In answer to paragraph 25, Defendants answer that the contents of Exhibit C speaks for itself.

26. These transfers are/were thought to be the amount of generated interest on the monies as part of the UPP.

**Answer:** In answer to paragraph 25, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information of Plaintiff's Counsel's beliefs in order to form their own belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

27. However Defendants have not been forthright about what this money is or where it comes from.

**Answer:** In answer to paragraph 27, Defendants deny the allegation for the reason that it is untrue.

28. Defendants have not confirmed whether annual "transfers" are, in fact, interest being generated on the ≈$1.9 billion of privately-owned monies or something else.

**Answer:** In answer to paragraph 28, Defendants deny the allegation for the reason that it is untrue. Abandoned property is by definition, ownerless. Therefore, ownerless property, cannot be privately-owned.

29. If it is interest, then those sums of generated interest are the property of the private citizens, not the government, under Michigan law. See e.g. *Star-Batt, Inc v City of Rochester*, 251 Mich App 502; 650 NW2d 422 (2002).

**Answer:** In answer to paragraph 29, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion. Accordingly, no answer is required.

30. Moreover, with sums of generated interest being a property right belonging to the members of the class, there is an obligation to provide procedural due process before depriving any class member of his/her/its property.

**Answer:** In answer to paragraph 30, Defendants neither admit nor deny the truth of the allegation for the reason that it calls for a legal conclusion. Accordingly, no answer is required.

31. However, since this case has started, there is now a serious question of whether these "Unclaimed Property Transfer" line items in the annual state budget is generated interest or whether the state government is simply seizing and using privately-owned monies (i.e. the principal) as a means to gap-fill budget holes.

**Answer:** In answer to paragraph 31, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information of Plaintiff or his Counsel's beliefs in order to form their own belief as to the truth of the matter asserted.  Plaintiff is left to his proofs.

32. "Good lawyering as well as ethical compliance often requires lawyers to plead in the alternative." Jordan v. City of Cleveland, 464 F.3d 584, 604 (6th Cir. 2006).

**Answer:** In answer to paragraph 32, Defendants asserts a legal conclusion to which no response is required, and the cited case speaks for itself.

33. Since this case stated, a government auditor's report for the year ending December 31, 2018 was located on an obscure, largely-overlooked government website.  Exhibit E.

**Answer:** In answer to paragraph 33, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information of Plaintiff or his Counsel's beliefs in order to form their

own belief as to the truth of the matter asserted.  Plaintiff is left to his proofs.

34. Michigan law (MCL 12.10) requires the Michigan Auditor General to perform an audit of cash and investments in the possession or under the control of the State Treasurer upon a vacancy in the Office of State Treasurer.

**Answer:** In answer to paragraph 34, Defendants neither admit nor deny the allegation for the reason that it calls for a legal conclusion. Accordingly, no answer is required.

35. One such report was generated when current treasurer, Defendant RACHAEL EUBANKS, was appointed as of January 1, 2019.

**Answer:** In answer to paragraph 35, Defendants admit the allegation as true.

36. Confusingly, there is not an amount equal or approximate to the $1.9 billion in unclaimed property anywhere list as a currently-held asset within the General Fund.

**Answer:** In answer to paragraph 36, Defendants deny the allegation as untrue to the extent it alleges confusion.  Defendants admits the allegation as true to the extent it alleges that there is no segregated amount "held" in the general fund as "unclaimed property".

37. Yet, there absolutely should be.  MCL 567.244(1).

**Answer:** In answer to paragraph 37, Defendants deny the allegation for the reason that it is untrue.  In further answer, to the extent the allegation calls for a legal conclusion, Defendants neither admit nor deny the allegation for the reason that it calls for a legal conclusion.  Accordingly, no answer is required.

38. More surprisingly, the Escheats Fund only had $2.5 million as of January 1, 2019.  Exhibit E at 10.

**Answer:** In answer to paragraph 38, Defendants answer that Exhibit E speaks for itself.  In all other respects, Defendants neither admit nor deny the allegation to the extent is alleges surprise for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted.  Plaintiff is left to his proofs.

39. So, while the State Treasurer had $8.7 billion in "total cash and investments" in her official possession, there was nothing documenting the location of the ≈$1.9 billion (as confirmed by the affidavit in Exhibit A) belonging to the millions of Michigan citizens under the "custody and responsibility" of Defendants "for safekeeping" per MCL 567.241(1).

**Answer:** In answer to paragraph 39, Defendants deny the allegation as untrue to the extent it alleges that abandoned property, which is ownerless, belongs to any specific person.  In all other respects, Defendants neither admit nor deny the allegation for the reason that it

lacks sufficient information to form a belief as to the truth of the matter asserted.  Plaintiff is left to his proofs.

40. So, the pre-discovery limited publicly available facts now reasonably suggests that it is possible that no interest is being generated on the ≈$1.9 billion in unclaimed property because the private monies were already seized and spent by illegally appropriating millions of privately-owned dollars each year a budget gap-filler under the label of a "Unclaimed Property Transfer for various public uses.

**Answer:** In answer to paragraph 40, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

41. So, under the principle of good lawyering, this lawsuit has alternatively pled theories as outlined below.

**Answer:** In answer to paragraph 41, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

## ABOUT PLAINTIFF

42. Plaintiff DENNIS O'CONNOR has two assets held (but not owned) by Defendants that were turned over from FMC Corporation

and Michigan Millers Mutual Insurance Company valued as being

between $100 and $250 and less than $100 respectively.

**Answer:** In answer to paragraph 42, Defendants deny the allegation for the reason that it is untrue.

43. Based on the limited public facts known but will be confirmed

by discovery, one of two things has happened to Plaintiff's property (in

the form of money) after it was turned over by FMC Corporation and

Michigan Millers Mutual Insurance Company.

a. First, pursuant to the UPP statute, while his property was and

is in the custody of UPP, Plaintiff generated interest on his asset

while in state custody and said interest was seized and taken for a

public use without any notice or the opportunity to be heard.  See

Exhibit C at C-8.

**Answer:** In answer to paragraph 43a, Defendants deny the allegation for the reason that it is untrue.

b. Alternatively, Plaintiff's property (principal) was taken for a

public use without any notice or the opportunity to be heard but now

Defendants are trying to use some other class members' more recently

turned over unclaimed property monies (more recently received) to

cover the prior seizure and use of Plaintiff's money—similar to a Ponzi scheme.

**Answer:** In answer to paragraph 43b, Defendants deny the allegation for the reason that it is untrue.

44. Plaintiff does not want someone else's money to be paid to him by a Ponzi scheme that will only inflict harm on others; Plaintiff wants his money—both principal and interest—returned to him.

**Answer:** In answer to paragraph 44, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

## CLASS ALLEGATIONS

45. This action is brought by Plaintiff DENNIS O'CONNOR individually and on behalf of all those similarly situated.

**Answer:** In answer to paragraph 45, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

46. Plaintiff DENNIS O'CONNOR proposes two possible classes following initial discovery to reveal the operational status of the UPP—

a. Proposed Class No. 1 consists of all persons or entities who have not been provided just compensation equal to the amount of the interest income earned (less any proper proportional custodial expenses) that been generated or should have been generated on their assets while in the custody of the Unclaimed Property Program.

**Answer:** In answer to paragraph 46a, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

b. Proposed Class No. 2 consists of all persons or entities who have had their property assets seized and spent while in the custody of the Unclaimed Property Program.

**Answer:** In answer to paragraph 46b, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

47. The number of injured individuals who have been injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

**Answer:** In answer to paragraph 47, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

48. There are clear questions fact raised by the named Plaintiff's claim common to, and typical of, those raised by the Class each seeks to represent.

**Answer:** In answer to paragraph 48, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

49. There are clear questions of law raised by the named Plaintiff's claims common to, and typical of, those raised by the Class each seeks to represent.

**Answer:** In answer to paragraph 49, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

50. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all class members.

**Answer:** In answer to paragraph 50, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

51. Plaintiff, as Class representative, will fairly and adequately protect the interests of the class members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

**Answer:** In answer to paragraph 51, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

52. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

**Answer:** In answer to paragraph 52, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

53. Defendants have acted, failed to act, and/or are continuing to act on grounds generally applicable to all members of the Class.

**Answer:** In answer to paragraph 53, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

## COUNT I

## FIFTH AMENDMENT TAKING – DIRECT ACTION (FIRST ENGLISH)

## AGAINST DEFENDANT STATE OF MICHIGAN

## (INTEREST)[1]

54. The previous allegations are re-alleged word for word herein.

**Answer:** In answer to paragraph 54, Defendants answers to previously allegations are re-asserted herein.

---

[1] Plaintiff O'Connor acknowledges this count was order dismissed without prejudice by the Sixth Circuit and is repled for preservation purposes. There is a question whether a dismissed count needs to repled with a later amended complaint when the matter is still subject to an appeal to the US SupremeCourt. See Mike Chak Hin Tsoi, Raise It (Again) Or Waive It, Preserving Claims for Appellate Review When They Are Dismissed With Leave to Amend, 38 WM MITCHELL L REV 1406 (2012) (available at https://open.mitchellhamline.edu/cgi/viewcontent.cgi?article=1469&context=wmlr).

55. Yearly earned income (i.e. interest), as described above, is a property right belonging to Plaintiff and members of the Class. *Star-Batt, Inc v City of Rochester*, 251 Mich App 502; 650 NW2d 422 (2002).

**Answer:** In answer to paragraph 55, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

56. Defendant STATE OF MICHIGAN has taken Plaintiff's and the class members' constitutionally-protected property in the form of monies equal to earned income (i.e. interest) on the held property assets, less proportional custodial expenses (if applicable), and have appropriated and/or will appropriate property without the payment of just compensation in violation of Fifth Amendment to the United States Constitution.

**Answer:** In answer to paragraph 56, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing

so for alleged preservation purposes.  Accordingly, no answer is required.

57. Defendants do not intend to pay or otherwise will immediately pay just compensation by or via any known procedures.

**Answer:** In answer to paragraph 57, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

58. Unconstitutional takings occur pursuant to Fifth Amendment occurs when Defendants take, seize and use the interest generated to Plaintiff's and class members' assets while in the custody of the UPP.

**Answer:** In answer to paragraph 58, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

59. Plaintiff and class members have suffered damages as a result.

**Answer:** In answer to paragraph 59, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

60. Plaintiff expressly asserts that state sovereign immunity does not exist in favor of Defendant State of Michigan for claims for annual interest as sought directly under the Fifth Amendment to the United States Constitution.  See *First English Evangelical Lutheran Church v. Los Angeles*, 482 U.S. 304, 315 (1987).

**Answer:** In answer to paragraph 60, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

61. To the extent that this Court believes it is bound to hold otherwise by *DLX, Inc v Kentucky*[2] or any other circuit precedent, this

---

[2] 381 F.3d 511 (6th Cir. 2004)

claim is made to expressly preserve the issue for review by an en banc panel of the United States Court of Appeals for the Sixth Circuit and/or by the United States Supreme Court.

**Answer:** In answer to paragraph 61, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

## COUNT II

## FIFTH AMENDMENT TAKING – DIRECT ACTION (FIRST ENGLISH)

## AGAINST DEFENDANT STATE OF MICHIGAN (PRINCIPAL)[3]

62. The previous allegations are re-alleged word for word herein.

---

[3] Plaintiff O'Connor acknowledges this count was order dismissed without prejudice by the Sixth Circuit and is repled for preservation purposes. There is a question whether a dismissed count needs to repled with a later amended complaint when the matter is still subject to an appeal to the US Supreme Court. See Mike Chak Hin Tsoi, Raise It (Again) Or Waive It, Preserving Claims for Appellate Review When They Are Dismissed With Leave to Amend, 38 WM MITCHELL L REV 1406 (2012) (available at https://open.mitchellhamline.edu/cgi/viewcontent.cgi?article=1469&context=wmlr).

**Answer:** In answer to paragraph 62, Defendants previous answers to allegations are restated herein.

63. Count II is pled in the alternative to Count I.

**Answer:** In answer to paragraph 63, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

64. The privately-owned property/assets held by Defendant

STATE OF MICHIGAN as part of the UPP do not belong to or is

otherwise owned by the government or its officials but is property that

belongs to Plaintiff and the class members (as private citizens).

**Answer:** In answer to paragraph 64, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

65. Without knowledge or notice, Defendant STATE OF

MICHIGAN has taken Plaintiff's and the class members'

constitutionally-protected property in the form of privately-owned

monies that were supposed to be kept in the custody of and under the

responsibility of the government as part of the UPP.

**Answer:** In answer to paragraph 65, Defendants state that all
counts naming the State of Michigan as a Defendant were dismissed by
the Sixth Circuit Court of Appeals before remand.  Moreover,
Defendants assert renaming the State and realleging the same counts
against the State already dismissed in this case is improper and
violates law of the case.  Defendants understand Plaintiff is only doing
so for alleged preservation purposes.  Accordingly, no answer is
required.

66. Defendant STATE OF MICHIGAN no longer has or possesses

the monies belonging to Plaintiff and class members but is instead

using the monies from newly arriving unclaimed property funds to pay

out older turnovers when the latter makes a demand for its return.

**Answer:** In answer to paragraph 66, Defendants state that all
counts naming the State of Michigan as a Defendant were dismissed by
the Sixth Circuit Court of Appeals before remand.  Moreover,
Defendants assert renaming the State and realleging the same counts
against the State already dismissed in this case is improper and
violates law of the case.  Defendants understand Plaintiff is only doing
so for alleged preservation purposes.  Accordingly, no answer is
required.

67. Defendant STATE OF MICHIGAN cannot fix its prior taking of Plaintiff and the class members' property by converting other class members' property that Defendant STATE OF MICHIGAN is supposed to keep "custody" over and "responsibility for the safekeeping." MCL 567.241(1).

**Answer:** In answer to paragraph 67, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

68. The UPP is being operated like a classically-formed Ponzi scheme.

**Answer:** In answer to paragraph 68, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

69. Plaintiff and class members have suffered damages as a result of the taking by Defendant STATE OF MICHIGAN.

**Answer:** In answer to paragraph 69, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

70. Plaintiff expressly asserts that state sovereign immunity does not exist in favor of Defendant STATE OF MICHIGAN for claims for the taking of their private property as sought directly under the Fifth Amendment to the United States Constitution. See *First English Evangelical Lutheran Church v. Los Angeles*, 482 U.S. 304, 315 (1987).

**Answer:** In answer to paragraph 70, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

71. To the extent that this Court believes it is bound to hold otherwise by DLX, Inc v Kentucky5 or any other circuit precedent, this

claim is made to expressly preserve the issue for review by an en banc

panel of the United States Court of Appeals for the Sixth Circuit and/or

by the United States Supreme Court.

**Answer:** In answer to paragraph 71, Defendants state that all
counts naming the State of Michigan as a Defendant were dismissed by
the Sixth Circuit Court of Appeals before remand.  Moreover,
Defendants assert renaming the State and realleging the same counts
against the State already dismissed in this case is improper and
violates law of the case.  Defendants understand Plaintiff is only doing
so for alleged preservation purposes.  Accordingly, no answer is
required.

## COUNT III

## 42 U.S.C. § 1983 – FIFTH AMENDMENT

## AGAINST DEFENDANTS EUBANKS AND STANTON

## (INTEREST)[4]

72. The previous allegations are re-alleged word for word herein.

**Answer:** In answer to paragraph 72, Defendants previous
answers are incorporated herein.

---

[4] Plaintiff O'Connor acknowledges this count was order dismissed by the Sixth
Circuit due to qualified immunity and is repled for preservation purposes. There is
a question whether a dismissed count needs to repled with a later amended
complaint when the matter is still subject to an appeal to the US Supreme Court.
See Mike Chak Hin Tsoi, Raise It (Again) Or Waive It, Preserving Claims for
Appellate Review When They Are Dismissed With Leave to Amend, 38 WM
MITCHELL L REV 1406 (2012) (available at
https://open.mitchellhamline.edu/cgi/viewcontent.cgi?article=1469&context=wmlr).

73. Defendant RACHAEL EUBANKS is a state actor when serving in her role as administrator of the UPP.

**Answer:** In answer to paragraph 73, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

74. Defendant TERRY STANTON is a state actor when serving in his role as state administrative manager of the UPP.

**Answer:** In answer to paragraph 74, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

75. Under the Fifth Amendment, government officials can take property (like money) for public use but conditions that action on first immediately paying "just compensation."

**Answer:** In answer to paragraph 75, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover,

Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

76. It is clearly established law that when a taking occurs, Defendants RACHAEL EUBANKS and TERRY STANTON have a constitutional duty to ensure that "just compensation" is provided for as the Constitution protects from "forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole."

**Answer:** In answer to paragraph 76, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

77. Since at least 1933, "the Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking [state] remedies that may be available to the property owner." See *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2170 (2019) (citing *Jacobs v. United States*, 290 U.S. 13 (1933)).

**Answer:** In answer to paragraph 77, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

78. Since at least 2002, any reasonable official in the positions held by Defendants RACHAEL EUBANKS and TERRY STANTON would or should know that interest generated on principal sums held in the custody of the government is a form of property belong to the owner and not the government.  *Star-Batt, Inc v City of Rochester*, 251 Mich App 502; 650 NW2d 422 (2002).

**Answer:** In answer to paragraph 78, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

79. So, when property (i.e. the interest generated on privately-owned sums held in the custody of the government) was taken, it was

clearly established that there must, constitutionally, be the payment of

just compensation.

**Answer:** In answer to paragraph 79, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.   Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

80. Defendants RACHAEL EUBANKS and TERRY STANTON

have caused Plaintiff and members of the Class to be deprived of their

rights under Fifth Amendment to the United States Constitution when,

while administering the UPP, each refused and still refuses to require

the government for which each serves to cause the payment of (and has

otherwise improper administered an unconstitutional statute which

refuses to provide) just compensation equal to the annual income

generated on the time value of money, less proportional custodial

expenses (if applicable) while assets belonging to Plaintiff and members

of the class are in the custody and control of the UPP.

**Answer:** In answer to paragraph 80, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover,

Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

81. By failing to effectuate just compensation under the Fifth Amendment as officials in charge of the UPP, Defendants RACHAEL EUBANKS and TERRY STANTON caused Plaintiff and members of the Class to be deprived of the right of just compensation as secured by the Fifth Amendment to the United States Constitution and is liable as to Plaintiffs and class members so injured.

**Answer:** In answer to paragraph 81, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

82. Plaintiff and members of the Class have suffered damages as a result.

**Answer:** In answer to paragraph 82, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper.

Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

83. The actions and/or inactions of Defendants RACHAEL EUBANKS and TERRY STANTON was expressly designed to intentionally or wantonly cause harm to Plaintiffs and the members of the Class due to the utter disregard of the constitutionally protected rights of all members of the Class.

**Answer:** In answer to paragraph 83, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

## COUNT IV

## 42 U.S.C. § 1983 – FIFTH AMENDMENT

## AGAINST DEFENDANTS EUBANKS AND STANTON

## (PRINCIPAL)[5]

---

[5] Plaintiff O'Connor acknowledges this count was order dismissed by the Sixth Circuit due to qualified immunity and is repled for preservation purposes. There is a question whether a dismissed count needs to repled with a later amended complaint when the matter is still subject to an appeal to the US Supreme Court. See Mike Chak Hin Tsoi, Raise It (Again) Or Waive It, Preserving Claims for Appellate Review When They Are Dismissed With Leave to

84. The previous allegations are re-alleged word for word herein.

**Answer:** In answer to paragraph 84, Defendants previous answers are incorporated herein.

85. Count IV is pled in the alternative to Count III.

**Answer:** In answer to paragraph 85, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

86. Defendant RACHAEL EUBANKS is a state actor when serving in her role as administrator of the UPP.

**Answer:** In answer to paragraph 86, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

---

Amend, 38 WM MITCHELL L REV 1406 (2012) (available at https://open.mitchellhamline.edu/cgi/viewcontent.cgi?article=1469&context=wmlr).

87. Defendant TERRY STANTON is a state actor when serving in his role as state administrative manager of the UPP.

**Answer:** In answer to paragraph 87, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

88. Under the Fifth Amendment, government officials can take property (like money) for public use but conditions that action on first immediately paying "just compensation."

**Answer:** In answer to paragraph 88, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

89. It is clearly established law that when a taking occurs, Defendants RACHAEL EUBANKS and TERRY STANTON have a constitutional duty to ensure that "just compensation" is provided for as the Constitution protects from "forcing some people alone to bear public

burdens which, in all fairness and justice, should be borne by the public as a whole."

**Answer:** In answer to paragraph 89, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

90. It is also clearly established that the property/assets held as part of the UPP belonged to and are solely owned by Plaintiff and the class members.

**Answer:** In answer to paragraph 90, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

91. It is also clearly established that when the government took said property for public uses (and a taking occurs), Defendants RACHAEL EUBANKS and TERRY STANTON had and have a constitutional duty to ensure that "just compensation" is provided.

**Answer:** In answer to paragraph 91, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

92. Since at least 1933, "the Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner." See *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2170 (2019) (citing *Jacobs v. United States*, 290 U.S. 13 (1933)).

**Answer:** In answer to paragraph 92, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

93. Any reasonable official in the positions held by Defendants RACHAEL EUBANKS and TERRY STANTON would or should know that the property held in the UPP belonged to the members of the class and never the government.  MCL 567.241(1); Exhibit B.

41

**Answer:** In answer to paragraph 93, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

94. So, when the class members' money was taken, it was clearly

established that there must, constitutionally, be the payment of just

compensation.

**Answer:** In answer to paragraph 94, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

95. Defendants RACHAEL EUBANKS and TERRY STANTON

have caused Plaintiff and members of the Class to be deprived of their

rights under Fifth Amendment to the United States Constitution when,

while administering the UPP, each refused and still refuses to cause the

payment of (and has otherwise improper administered an

unconstitutional statute which refuses to provide) just compensation

42

equal to principal sums of money that were taken from the General

Fund for use by the government as part of its budget when the seized

property solely and unquestionably belonged to Plaintiff and members

of the class.

**Answer:** In answer to paragraph 95, Defendants state that all
counts naming the State of Michigan as a Defendant were dismissed by
the Sixth Circuit Court of Appeals before remand.  Moreover,
Defendants assert renaming the State and realleging the same counts
against the State already dismissed in this case is improper and
violates law of the case.  Defendants understand Plaintiff is only doing
so for alleged preservation purposes.  Accordingly, no answer is
required.

96. Defendants RACHAEL EUBANKS and TERRY STANTON

have caused Plaintiff and members of the Class to be deprived of their

rights under Fifth Amendment to the United States Constitution when,

while administering the UPP, each refused and still refuses to cause the

payment of (and has otherwise improper administered an

unconstitutional statute which refuses to provide) just compensation

equal to principal sums of money that were taken from the Escrow

Fund for use by the government to pay claims made by owners when

the government had already seized, used, and spent the funds to pay

claims made by those who had money turned over even earlier.

**Answer:** In answer to paragraph 96, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

97. By failing to effectuate just compensation under the Fifth Amendment as officials in charge of the UPP, Defendants RACHAEL EUBANKS and TERRY STANTON caused Plaintiff and members of the Class to be deprived of the right of just compensation as secured by the Fifth Amendment to the United States Constitution and is liable as to Plaintiffs and class members so injured.

**Answer:** In answer to paragraph 97, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand. Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case. Defendants understand Plaintiff is only doing so for alleged preservation purposes. Accordingly, no answer is required.

98. Plaintiff and members of the Class have suffered damages as a result.

**Answer:** In answer to paragraph 98, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.  Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

99. The actions and/or inactions of Defendants RACHAEL

EUBANKS and TERRY STANTON was expressly designed to

intentionally or wantonly cause harm to Plaintiffs and the members of

the Class due to the utter disregard of the constitutionally protected

rights of all members of the Class.

**Answer:** In answer to paragraph 99, Defendants state that all counts naming the State of Michigan as a Defendant were dismissed by the Sixth Circuit Court of Appeals before remand.  Moreover, Defendants assert renaming the State and realleging the same counts against the State already dismissed in this case is improper and violates law of the case.   Defendants understand Plaintiff is only doing so for alleged preservation purposes.  Accordingly, no answer is required.

## COUNT V

## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
## (PROCEDURAL DUE PROCESS)
## AGAINST DEFENDANTS EUBANKS AND STANTON
## (INTEREST)

100. The previous allegations are re-alleged word for word herein.

**Answer:** In answer to paragraph 100, Defendants previous answers are reasserted and incorporated herein.

101. Under Michigan's common law, there is a well-known and established state law property right—the doctrine of interest follows principal. When a government has custody over (but not ownership of) the money of another, the interest generated belongs to the principal's owner, not the government. See *Star-Batt, Inc v City of Rochester*, 251 Mich App 502; 650 NW2d 422 (2002).

**Answer:** In answer to paragraph 101, Defendants neither admit nor deny the allegation for the reason that it calls for a legal conclusion. Accordingly, no answer is required.

102. Plaintiff and the class members have a private property right in the interest that is generated on their monies while held as part of the UPP. See *Star-Batt, Inc v City of Rochester*, 251 Mich App 502; 650 NW2d 422 (2002).

46

**Answer:** In answer to paragraph 102, Defendants neither admit nor deny the allegation for the reason that it calls for a legal conclusion. Accordingly, no answer is required.  To the extent an answer is required, Defendants deny the allegation for the reason that it is untrue.

103. Plaintiff and the class members suffered deprivations of their property in the form of generated interest on private assets held in state custody. See e.g. Exhibit C at C-8.

**Answer:** In answer to paragraph 103, Defendants deny the allegation for the reason that it is untrue.

104. As such, Plaintiff and the class members have established property interests that trigger procedural due process requirements.

**Answer:** In answer to paragraph 104, Defendants deny the allegation for the reason that it is untrue.

105. Plaintiff and the class members received no (and thus insufficient) due process.

**Answer:** In answer to paragraph 105, Defendants deny the allegation for the reason that it is untrue.

106. When Defendants RACHAEL EUBANKS and TERRY STANTON caused, allowed, authorized, and/or acquiesced the seizure

and spending of generated interest which belongs, by law, to Plaintiff and the class members, Plaintiff and the class members were deprived of their property rights without notice or the opportunity to be heard.

**Answer:** In answer to paragraph 106, Defendants deny the allegation for the reason that it is untrue.

107. Plaintiff and the class members were not afforded either timely and adequate process under law, namely that no notice was afforded and no opportunity for hearing was provided before the deprivation of the class members' property.

**Answer:** In answer to paragraph 107, Defendants deny the allegation for the reason that it is untrue.

108. Defendants failed to provide required and/or sufficient due process as mandated by the Fourteenth Amendment in the form of a pre-deprivation hearing before the property rights of Plaintiff and the class members were taken from them.

**Answer:** In answer to paragraph 108, Defendants deny the allegation for the reason that it is untrue.

109. There is extreme risk of erroneous deprivation of private property as well as actual deprivation of private property due to the non-existence of any constitutionally sufficient due process procedures.

**Answer:** In answer to paragraph 109, Defendants deny the allegation for the reason that it is untrue.

110. There is insufficient level of any governmental burden to not provide a sufficient due process procedure.

**Answer:** In answer to paragraph 110, Defendants deny the allegation for the reason that it is untrue.

111. As for Defendants RACHAEL EUBANKS and TERRY STANTON sued in his/her personal capacity, each purposely, recklessly, and with wanton disregard for the federal rights of Plaintiff and the class members, inflicted harmed in violation of the Fourteenth Amendment.

**Answer:** In answer to paragraph 111, Defendants deny the allegation for the reason that it is untrue.

112. Plaintiff and the class members have been damaged as a result of Defendants' violation of their rights under the United States Constitution.

**Answer:** In answer to paragraph 112, Defendants deny the allegation for the reason that it is untrue.

## COUNT VI

## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT

## (PROCEDURAL DUE PROCESS)

## AGAINST DEFENDANTS EUBANKS AND STANTON

## (PRINCIPAL)

113. The previous allegations are re-alleged word for word herein.

**Answer:** In answer to paragraph 113, Defendants previous answers are reasserted and incorporated herein.

114. Count VI is pled in the alternative to Count V.

**Answer:** In answer to paragraph 114, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

115. Under Michigan's law, there is an established property right regarding the monies (as property) held as part of the UPP as belonging to Plaintiff and members of the Class.

**Answer:** In answer to paragraph 115, Defendants deny the allegation for the reason that it is untrue.

116. Plaintiff and the class members have a private property right in their monies (as property) even while held as part of the UPP.

**Answer:** In answer to paragraph 116, Defendants deny the allegation for the reason that it is untrue.

117. As such, Plaintiff and the class members have property interest that triggers a procedural due process requirement.

**Answer:** In answer to paragraph 117, Defendants deny the allegation for the reason that it is untrue.

118. Plaintiff and the class members received no (and thus insufficient) process when said monies were seized and used by the government.

**Answer:** In answer to paragraph 118, Defendants deny the allegation for the reason that it is untrue.

119. When Defendants RACHAEL EUBANKS and TERRY STANTON caused, allowed, authorized, and/or acquiesced the seizure and spending of Plaintiff's and the class members' property, Plaintiff and the class members were deprived of their property rights without notice or the opportunity to be heard.

**Answer:** In answer to paragraph 119, Defendants deny the allegation for the reason that it is untrue.

120. Plaintiff and the class members were not afforded timely and adequate process under law, namely that no notice was afforded and no opportunity for hearing was provided before the deprivation of the class members' property.

**Answer:** In answer to paragraph 120, Defendants deny the allegation for the reason that it is untrue.

121. Defendants failed to provide required and/or sufficient due process as mandated by the Fourteenth Amendment in the form of a pre-deprivation hearing before the property rights of Plaintiff and the class members were taken from them.

**Answer:** In answer to paragraph 121, Defendants deny the allegation for the reason that it is untrue.

122. There is extreme risk of erroneous deprivation of private property as well as actual deprivation of private property due to the non-existence of any constitutionally sufficient due process procedures.

**Answer:** In answer to paragraph 122, Defendants deny the allegation for the reason that it is untrue.

123. There is insufficient level of any governmental burden to not provide a sufficient due process procedure.

**Answer:** In answer to paragraph 123, Defendants deny the allegation for the reason that it is untrue.

124. As for Defendants RACHAEL EUBANKS and TERRY STANTON sued in his/her personal capacity, each purposely, recklessly, and with wanton disregard for the federal rights of Plaintiff and the class members, inflicted harmed in violation of the Fourteenth Amendment.

**Answer:** In answer to paragraph 124, Defendants deny the allegation for the reason that it is untrue.

125. Plaintiff and the class members have been damaged as a result of Defendants' violation of their rights under the United States Constitution.

**Answer:** In answer to paragraph 125, Defendants deny the allegation for the reason that it is untrue.

... 

## COUNT VII

## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT
## (PROCEDURAL DUE PROCESS)
## AGAINST DEFENDANTS EUBANKS AND STANTON
## (PRIOR TO TRANSFER TO UPP)

126. The previous allegations are re-alleged word for word herein.

**Answer:** In answer to paragraph 126, Defendants previous answers are reasserted and incorporated herein.

127. Prior to taking custody and control of the funds originally in the possession of and by the holders, Defendants RACHAEL EUBANKS and TERRY STANTON provided no notice or the opportunity to be heard before transferring the sums held in the custody of holders (like FMC Corporation and/or Michigan Millers Mutual Insurance Company) to the State of Michigan Department of Treasury as part of the Unclaimed Property Program.

**Answer:** In answer to paragraph 127, Plaintiff's claim appears to be barred by *Anderson National Bank v. Luckett*, 321 U.S. 233 (1944). In all other respects, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted. Plaintiff is left to his proofs.

128. Precedent clearly establishes that Defendants RACHAEL

EUBANKS and TERRY STANTON must give at least some form of

notice and the opportunity to be heard before commanding holders

(such as, but not limited to, FMC Corporation and/or Michigan Millers

Mutual Insurance Company) to take and transfer Plaintiff's and the

class members' property being held in the custody of holders to the

State of Michigan Department of Treasury.

**Answer:** In answer to paragraph 128, Plaintiff's claim appears to
be barred by *Anderson National Bank v. Luckett*, 321 U.S. 233 (1944).
In all other respects, Defendants neither admit nor deny the allegation
for the reason that it calls for a legal conclusion.  Accordingly, no
answer is required.

129. The process that "holders" (such as FMC Corporation and/or

Michigan Millers Mutual Insurance Company) are supposed to provide,

but systematically do not, fails to satisfy the obligations of Due Process

under the Fourteenth Amendment.

**Answer:** In answer to paragraph 129, Plaintiff's claim appears to
be barred by *Anderson National Bank v. Luckett*, 321 U.S. 233 (1944).
In all other respects, Defendants neither admit nor deny the allegation
for the reason that they lack sufficient information to form a belief as to
the truth of the matter asserted.  Plaintiff is left to his proofs.

130. Defendants RACHAEL EUBANKS and TERRY STANTON

are responsible for that failure.

**Answer:** In answer to paragraph 130, Defendants deny the
allegation for the reason that it is untrue.

131. On information and belief, neither holders under the

Unclaimed Property Program (i.e. FMC Corporation and Michigan

Millers Mutual Insurance Company) nor Defendants RACHAEL

EUBANKS and TERRY STANTON issued (or causes to be issued) any

notice (or the opportunity to be heard) before the commanding for and

taking custody of (and in some instances, liquidate) Plaintiff's and the

class members' property that is asserted by Defendants RACHAEL

EUBANKS and TERRY STANTON to be unclaimed under the

Unclaimed Property Program.

**Answer:** In answer to paragraph 131, Defendants neither admit
nor deny the allegation for the reason that they lack sufficient
information to form a belief as to the truth of the matter asserted.
Plaintiff is left to his proofs.

132. Defendants RACHAEL EUBANKS and TERRY STANTON

failed to provide required and/or sufficient due process as mandated by

the Fourteenth Amendment in the form of a pre-deprivation hearing

before the property rights of Plaintiff and the class members were taken from them.

**Answer:** In answer to paragraph 132, Plaintiff's claim appears to be barred by *Anderson National Bank v. Luckett*, 321 U.S. 233 (1944). In all other respects, Defendants neither admit nor deny the allegation for the reason that they lack sufficient information to form a belief as to the truth of the matter asserted.  Plaintiff is left to his proofs.

133. There is extreme risk of erroneous deprivation of private property as well as actual deprivation of private property due to the non-existence of any constitutionally sufficient due process procedures.

**Answer:**  In answer to paragraph 133, Defendants deny the allegation for the reason that it is untrue.

134. There is insufficient level of any governmental burden to not provide a sufficient due process procedure.

**Answer:**  In answer to paragraph 134, Defendants deny the allegation for the reason that it is untrue.

135. As for Defendants RACHAEL EUBANKS and TERRY STANTON sued in his/her personal capacity, each purposely, recklessly, and with wanton disregard for the federal rights of Plaintiff and the class members, inflicted harmed in violation of the Fourteenth Amendment.

**Answer:** In answer to paragraph 135, Defendants deny the allegation for the reason that it is untrue.

136. Plaintiff and the class members have been damaged as a result of Defendants' violation of their rights under the United States Constitution.

**Answer:** In answer to paragraph 136, Defendants deny the allegation for the reason that it is untrue.

## JURY DEMAND

137. A jury is demanded for all triable issues.

**Answer:** In answer to paragraph 137, Defendants acknowledge Plaintiff demands a jury trial.

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully requests this Honorable

Court to dismiss Plaintiff's Complaint, including the Amended

Complaint, and enter a judgment in favor of Defendants, together with

an award of costs and attorney fees wrongfully incurred.

Respectfully submitted,

/s/ James A. Ziehmer
James A. Ziehmer (P75377)
Brian McLaughlin (P74958)
Assistant Attorneys General
Attorneys for Defendants
Revenue and Tax Division
P.O. Box 30754
(517) 335-7584
ZiehmerJ@michigan.gov
McLaughlinB2@michigan.gov

Dated:  March 12, 2024

## AFFIRMATIVE DEFENSES

Defendants give notice that they may establish by way of motion, at trial, or otherwise, the following Affirmative Defenses:

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    This Court lacks jurisdiction over Plaintiff's Complaint.

3.    Plaintiff has failed to exhaust his remedies in state court.

4.    Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands and/or laches.

5.    Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel.

6.    Plaintiff has failed to mitigate his damages.

7.    Defendant Eubanks did not cause Plaintiff's alleged constitutional violation.

8.    Defendant Stanton did not cause Plaintiff's alleged constitutional violation.

9.    Plaintiff has failed to join an indispensable party.

10.    Plaintiff's claims may be barred by the applicable statute of limitations, which may be Mich. Comp. Laws § 600.5805(2), and/or doctrine of laches.

11.    Plaintiff has failed to state claim which constitutes a violation of 42 U.S.C. § 1983 upon which relief can be granted.

12.    Plaintiff has failed to exhaust an administrative procedure.

13.    Plaintiff's claims are barred by immunity and/or qualified immunity for the reason that Defendants acted in good faith and acted in a reasonable manner in the performance of their duties where the right was not clearly established and acted without malicious intention to cause deprivation of the constitutional rights of Plaintiff.

14.    There is no liability in the matter pursuant to 42 U.S.C. § 1983, or any other alleged federal constitutional provisions, for the reason these Defendants are immune from such claims under the circumstances of this case, and Plaintiff has an adequate remedy under state law.

15.    Plaintiff's claims are barred by the doctrines of release,

waiver, collateral estoppel and/or res judicata.

                                          Respectfully submitted,

                                          /s/ James A. Ziehmer
                                          James A. Ziehmer (P75377)
                                          Brian McLaughlin (P74958)
                                          Assistant Attorneys General
                                          Attorneys for Defendants
                                          Revenue and Tax Division
                                          P.O. Box 30754
                                          (517) 335-7584
                                          ZiehmerJ@michigan.gov
                                          McLaughlinB2@michigan.gov

Dated: March 12, 2024

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on March 12, 2024 I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which

will provide electronic copies to counsel of record.

/s/ James A. Ziehmer
James A. Ziehmer (P75377)
Assistant Attorney General
Revenue and Tax Division
P.O. Box 30754
(517) 335-7584
ZiehmerJ@michigan.gov
